## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TED LUCIANI, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:25-cv-00296-WO-JLW |
| Plaintiff, | Hon. William L. Osteen, Jr. |
| v. | |
| NET POWER INC., DANIEL J. RICE IV, AKASH PATEL, and BRIAN ALLEN, | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF WALTER SCHROEDER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

Walter Schroeder ("Schroeder") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) appointing Schroeder as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Schroeder's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I. PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities that purchased or otherwise acquired NET Power Inc. ("Net Power" or the "Company") securities between June 9, 2023 and March 7, 2025, inclusive (the "Class Period"). Plaintiff pursues claims against the Defendants under the Securities Exchange Act of 1934 (the "Exchange Act").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. Pursuant to the PSLRA, the person or group

1

with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the "most adequate plaintiff."

Schroeder believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Schroeder satisfies the relevant requirements of Rule 23, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Schroeder respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Schroeder's selection of GPM as lead counsel for the class should be approved because GPM has substantial expertise in securities class action litigation and the has the experience and resources to efficiently prosecute this action.

## II.  FACTUAL BACKGROUND

Net Power is a clean energy technology company. Its business is centered around its so-called "Net Power Cycle" technology, which is a purported novel power generation system designed to produce reliable and affordable electricity from natural gas while capturing virtually all atmospheric emissions.

The complaint filed in this action alleges that throughout the Class Period Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) Net Power was unlikely to complete Project Permian on schedule, and the project was likely to be significantly more expensive than Defendants had represented, because of, *inter alia*, supply chain issues and numerous site- and region-specific challenges; (2) accordingly, Defendants' projections regarding the time and capital needed to complete Project Permian were unrealistic; (3) the increased time and capital needed to complete Project

3

Permian were likely to have a significant negative impact on the Company's business and financial results; and (4) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

On November 14, 2023, before market hours, Net Power released its third quarter 2023 financial results, disclosing that due to "tightness in the global supply chain," it would be "incorporating a 12-month cushion into [its] expected schedule" for its first utility-scale plant, Project Permian. The Company stated that it was "now expecting to achieve initial power generation sometime between the second half of 2027 and first half of 2028," compared to the initial schedule of having the plant operational by 2026.

On this news, Net Power's stock price fell $2.47, or 18.5%, to close at $10.85 per share on November 14, 2023, thereby injuring investors.

Then, on March 10, 2025, Net Power released its fourth quarter and full year 2024 financial results, disclosing

4

the Company had "finalized the Front-End Engineering and Design (FEED) for Project Permian" but the "cost estimate was significantly higher than expected and, as a result, the Company has paused long-lead releases for the project." Specifically, the Company revealed it "now estimates Project Permian's total installed cost to be between $1.7 billion and $2.0 billion."

On this news, Net Power's stock price fell $2.18, or 31.5%, to close at $4.75 per share on March 10, 2025.

Then, on April 15, 2025, Net Power announced that its President and Chief Operating Officer and Chief Financial Officer would depart the Company.

On this news, Net Power's stock price fell $0.13, or 5.8%, to close at $2.13 per share on April 16, 2025, thereby injuring investors further.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the class members have suffered significant losses and damages.

5

## III. QUESTIONS PRESENTED

1.  Whether Walter Schroeder should be appointed as lead plaintiff on behalf of the putative class.

2.  Whether Schroeder's selection of Glancy Prongay & Murray LLP should be approved as lead counsel for the putative class.

## IV. ARGUMENT

### A. Schroeder Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;

6

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(II). As set forth below, Schroeder satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Schroeder has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Schroeder is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Schroeder respectfully submits that he should be appointed lead

7

plaintiff. *See Hirtenstein v. Cempra, Inc.*, No. 16-cv-1303, 2017 WL 2874588, at *5 (M.D.N.C. July 5, 2017)(appointing lead plaintiff pursuant to the PSLRA).

### 1. Schroeder Filed a Timely Motion

Schroeder has made a timely motion in response to a PSLRA early notice. On April 18, 2025, pursuant to the PSLRA, notice of the pendency of this case was published announcing that a securities class action had been filed against Defendants herein. *See* Declaration of Garth Spencer ("Spencer Decl."), Ex. A. Therefore, Schroeder had sixty days (*i.e.*, until June 17, 2025), to file a motion to be appointed as Lead Plaintiff. As a purchaser of Net Power securities Schroeder is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in Schroeder's PSLRA certification, Schroeder attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Spencer Decl.,

Ex. B. Accordingly, Schroeder satisfies the first PSLRA requirement to be appointed lead plaintiff.

### 2. Schroeder Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). At the time of this filing, Schroeder believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Schroeder purchased Net Power securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of $279,357. *See* Spencer Decl., Ex. C. To the best of his knowledge, Schroeder is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Schroeder believes he has the "largest financial interest in the relief sought by the

9

class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Schroeder Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). At the lead plaintiff stage of the litigation, a movant "need make only a *prima facie* showing that it can satisfy the typicality and adequacy requirements of Rule 23 to be appointed." *In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 372 (M.D.N.C. 2003); *see also McIntyre v. Chelsea Therapeutics Int'l, Ltd.*, No. 23-cv-213, 2012 WL 3962522, at *2 (W.D.N.C. Aug. 16, 2012).

10

### a) Schroeder's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *Simpson v. Specialty Retail Concepts*, 149 F.R.D. 94, 99 (M.D.N.C. 1993); *accord Cree*, 219 F.R.D. at 372. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Simpson*, 149 F.R.D. at 99.

Schroeder's claims are typical of the claims asserted by the proposed class. Like all members of the class, Schroeder alleges that Defendants' material misstatements and omissions concerning Net Power's business, operations, and financial prospects violated the federal securities laws. Schroeder, like all of the members of the class, purchased Net Power securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Schroeder's interests and claims are "typical" of the interests and claims of the class.

11

### b) Schroeder Is an Adequate Representative

The adequacy requirement is satisfied where (1) the proposed lead plaintiff and his "attorney are capable of pursuing the litigation" and (2) "neither has a conflict of interest with other class members." *Cree*, 219 F.R.D. at 372.

Schroeder has demonstrated this adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Spencer Decl., Ex. D (GPM firm résumé); Spencer Decl., Ex. C (Schroeder financial interest analysis). Schroeder resides in Darien, Connecticut, and is currently retired from a career in energy and finance.[1] Schroeder has been investing for more than 30 years, and has a degree from the MIT Sloan School of Management. Schroeder is also not aware of any conflict between his claims and those asserted on behalf of the

---

[1] Schroeder was a defendant in *Marino v. Proton Energy Systems, Inc.*, No. 01-cv-06082 (S.D.N.Y. July 3, 2001). Schroeder submits that the *Proton Energy Systems* action will have no impact on his ability to adequately represent the class.

12

class. Accordingly, Schroeder should be appointed as lead plaintiff.

**B.    The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Schroeder has selected GPM as lead counsel for the class. The firm has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. As reflected by the firm's résumé, *see* Spencer Decl., Ex. D, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Schroeder's selection of counsel.

**V.    CONCLUSION**

For the foregoing reasons, Schroeder respectfully request that the Court grant his Motion and enter an Order: (1) appointing Schroeder as lead plaintiff; (2) approving Schroeder's selection of Glancy Prongay & Murray LLP as lead counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

13

Respectfully submitted,

Dated: June 17, 2025          */s/  Garth Spencer*

**GLANCY PRONGAY & MURRAY LLP**

Charles H. Linehan*
   CLinehan@glancylaw.com
Garth Spencer (NCSB# 60142)
   GSpencer@glancylaw.com
1925 Century Park East, Ste. 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Walter Schroeder and Proposed Lead Counsel for the Class*

* LR 83.1(d) notice of special appearance will promptly be filed

14

**CERTIFICATION OF WORD COUNT**

I hereby certify that this brief complies with the Local Civil Rule 7.3(d) on the limitations on the length of briefs. The body of the brief, headings, and footnotes of this brief contains 2,279 words.

/s/ Garth Spencer
Garth Spencer

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2025, I served the foregoing Memorandum of Law in Support of Motion of Walter Schroeder for Appointment as Lead Plaintiff and Approval of Lead Counsel on all counsel of record via the CM/ECF system.

/s/ Garth Spencer
Garth Spencer

15