| | |
|---|---|
| TED LUCIANI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NET POWER INC., DANIEL J. RICE IV, AKASH PATEL, and BRIAN ALLEN,<br><br>Defendants. | Case No.<br>1:25-cv-00296-WO-JLW |

**DEFENDANTS' CONSOLIDATED RESPONSE TO
MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF COUNSEL**

Defendants Net Power Inc., Daniel J. Rice IV, Akash Patel, and Brian Allen (collectively, "Defendants"), hereby submit this consolidated response to the motions for appointment as lead plaintiff and approval of choice of counsel (Dkt. Nos. 4, 6) and state as follows:

**I.   The PSLRA Imposes A Statutory Deadline Of July 17, 2025 For The Court To Appoint A Lead Plaintiff.**

Pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the "court shall consider" motions made by purported class members for lead plaintiff appointment, and "shall appoint" the lead plaintiff no later than 90 days after publication of notice of the suit.  15 U.S.C. § 78u-4(a)(3)(B)(i).  Because publication of notice of

1

this suit occurred on April 18, 2025 (*see*, *e.g.*, Dkt. No. 5 at 10; Dkt. No. 5-2), the statutory deadline for appointing a Lead Plaintiff in this action is July 17, 2025.

## II. Defendants Take No Position On Lead Plaintiff Appointment But Reserve All Defenses To Class Certification Under Federal Rule Of Civil Procedure 23.

As an initial matter, Defendants strongly dispute the allegations of wrongdoing in the Complaint (*see* Dkt. No. 1), many of which are parroted in the memoranda filed in support of the lead plaintiff motions.  Defendants intend to seek dismissal of all claims at the appropriate time.

Defendants typically do not play a role in the process for appointment of lead plaintiff and approval of counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B).[1]  By taking no position on the selection of a lead plaintiff and lead counsel, however, Defendants do not waive—but expressly reserve—their rights under Federal Rule of Civil Procedure 23 to develop a record and oppose any future motion for class certification on any

---

[1] The PSLRA employs a rebuttable presumption that the lead plaintiff will be the applicant with the largest financial loss.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Based on the claimed losses in the recently filed lead plaintiff motions, the presumed lead plaintiff is, therefore, Walter Schroeder.  *Compare* Dkt. No. 8-3 (alleging losses of $279,357.16), *with* Dkt. No. 5-1 (alleging losses of $64,581).

and all grounds, including, without limitation, that the claims of the appointed lead plaintiff and defenses to which he may be subject are not typical of the class, and that the appointed lead plaintiff and/or its chosen counsel will not fairly and adequately protect the interests of the class. *See*, *e.g.*, *In re Cree, Inc., Sec. Litig., 219 F.R.D. 369, 371* (M.D.N.C. 2003)(observing that the lead plaintiff inquiry "is not as searching as the one triggered by a motion for class certification" (citations omitted)); *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997)("Evidence regarding the requirements of Rule 23 will, of course, be heard in full at the class certification hearing. There is no need to require anything more than a preliminary showing at [the lead plaintiff] stage.").

Respectfully submitted this 24th day of June, 2025.

**SMITH ANDERSON**

*/s/ Christopher G. Smith*
Christopher G. Smith
North Carolina Bar No. 22767
Edward F. Roche
North Carolina Bar No. 55434
150 Fayetteville St.
Suite 2300
Raleigh, NC 27601
Telephone:(919) 821-6745
Fax:(919)821-6800
csmith@smithlaw.com

3

eroche@smithlaw.com

*Local Civil Rule 83.1 Counsel for Defendants Net Power Inc., Daniel J. Rice IV, Akash Patel, and Brian Allen*

**KING & SPALDING LLP**

*/s/ B. Warren Pope*
Jessica P. Corley*
Georgia Bar No. 572733
B. Warren Pope*
Georgia Bar No. 583723
Brandon R. Keel*
Georgia Bar No. 300303
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100
jpcorley@kslaw.com
wpope@kslaw.com
bkeel@kslaw.com

*Special Appearance Counsel for Defendants Net Power Inc., Daniel J. Rice IV, Akash Patel, and Brian Allen*

*LR 83.1(d) notice of special appearance will be filed promptly

4

## **RULE 7.1 CERTIFICATION**

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 7.1.

This 24th day of June, 2025.

/s/ *Christopher G. Smith*
Christopher G. Smith
North Carolina Bar No. 22767
150 Fayetteville St.
Suite 2300
Raleigh, NC 27601
Telephone:(919) 821-6745
Fax:(919)821-6800
csmith@smithlaw.com

*Local Civil Rule 83.1 Counsel for Defendants Net Power Inc., Daniel J. Rice IV, Akash Patel, and Brian Allen*

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day a copy of the foregoing was filed and served using the Court's CM/ECF system which will send notification of such filing to ECF registered participants.

This 24th day of June, 2025.

/s/ *Christopher G. Smith*
Christopher G. Smith
North Carolina Bar No. 22767
150 Fayetteville St.
Suite 2300
Raleigh, NC 27601
Telephone:(919) 821-6745
Fax:(919)821-6800
csmith@smithlaw.com

*Local Civil Rule 83.1*
*Counsel for Defendants Net*
*Power Inc., Daniel J. Rice*
*IV, Akash Patel, and Brian*
*Allen*

6