## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TED LUCIANI, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br><br>   v.<br><br>NET POWER INC., DANIEL J. RICE IV, AKASH PATEL, and BRIAN ALLEN,<br><br>   Defendants. | Case No. 1:25-cv-00296-WO-JLW<br><br><br>Hon. William L. Osteen, Jr. |

**WALTER SCHROEDER'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF DAVID A. WENN AND TED LUCIANI FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL**

Lead Plaintiff Movant Walter Schroeder ("Schroeder") respectfully submits this memorandum of law in opposition to the Motion of David A. Wenn ("Wenn") and Ted Luciani ("Luciani") for Appointment as Co-Lead Plaintiffs and Approval of Selection of Counsel (Dkt. No. 4), and in support of Schroeder's motion for appointment as lead plaintiff and approval of counsel (Dkt. No. 6).

Schroeder is the presumptively most adequate plaintiff to be appointed as lead plaintiff because he has the largest financial interest and has made the required preliminary showing of his adequacy and typicality. Moreover, the presumption cannot be rebutted because Wenn and Luciani cannot prove that Schroeder is inadequate. Accordingly, Schroeder should be appointed as lead plaintiff and his selection of counsel should be approved.

## I.   INTRODUCTION

Only Schroeder and Wenn and Luciani filed motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

The PSLRA directs courts to appoint the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members"—as lead plaintiff and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the inquiry ends, and the presumptively most adequate plaintiff should be appointed as lead plaintiff.

As demonstrated in Schroeder's memorandum of points and authorities in support of his lead plaintiff motion (Dkt. No. 7), Schroeder has the largest financial interest in the relief sought by the class and satisfies the requirements of Rule 23. Schroeder's financial interest, as measured by his last in, first out ("LIFO") loss is $279,357. *See* Dkt. No. 8-3. In contrast, Wenn and Luciani claim a *collective* loss of just

2

$64,581. *See* Dkt. No. 5-1. As such, Schroeder is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Schroeder is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Schroeder should be appointed as lead plaintiff, and his selection of counsel should be approved.[1]

## II.  ARGUMENT

### A.  The PSLRA-Mandated Procedure for Appointing a Lead Plaintiff

The PSLRA directs courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," *i.e.*, the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA also provides a "rebuttable presumption" that the "most adequate plaintiff" is the movant that "has either filed the complaint or made a motion," "has the largest financial interest in the relief sought by the class," and "otherwise

---

[1] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).

satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

**B. Schroeder Is the Presumptively Most Adequate Plaintiff**

Schroeder satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, Schroeder filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 6; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Second, Schroeder satisfies the requirements of Rule 23, as demonstrated in his memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 7 at 11-14; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Third, as

4

explained *infra*, Schroeder has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

While the PSLRA does not specify a means of calculating the "largest financial interest" among movants, courts in this District and other districts in this State have generally looked to the movants' losses to identify the movant with the largest financial interest. *See, e.g.*, *Hirtenstein v. Cempra, Inc.*, 2017 WL 2874588, at *3 (M.D.N.C. July 5, 2017) (comparing movants' losses to identify the movant with the largest financial interest); *Paskowtiz v. Capitala Fin. Corp.*, 2018 WL 11512528, at *2 (W.D.N.C. May 1, 2018) (finding movant "accrued the largest financial interest, having lost approximately $119,116"); *Ash v. PowerSecure Int'l, Inc.*, 2014 WL 5100607, at *3 (E.D.N.C. Oct. 10, 2014) ("Maguire alleges a total loss attributable to the corrective disclosure of $2,182,170 . . . . Maguire is the plaintiff or movant with the largest financial interest in the requested relief."); *McIntyre v. Chelsea Therapeutics Int'l, Ltd.*, 2012 WL 3962522, at *2 (W.D.N.C. Aug. 16, 2012) ("Zak reports the

5

largest financial interest by far in the litigation and states that his losses are approximately $394,354.82.").[2]

Most courts agree that the preferred method to calculate financial losses requires class period sales to be matched to purchases on a last in, first out ("LIFO") basis. *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100-102 (S.D.N.Y. 2005); *See also Cempra*, 2017 WL 2874588, at *3 n.4 (using the LIFO method, citing, *eSpeed*); *Salim v. Mobile TeleSystems PJSC*, 2019 WL 11095253, at *3 n.5 (E.D.N.Y. Sept. 11, 2019) (recognizing "Courts . . . nationwide prefer to use a LIFO calculation"). Indeed, LIFO is the preferred accounting method because it "has been used not only for lead plaintiff calculations, but also to determine compensation amounts for stockholders suffering losses due to securities fraud." *eSpeed*, 232 F.R.D. at 101.

Here, Schroeder has, by far, the largest LIFO loss, and therefore the largest financial interest:

[Chart on Next Page]

---

[2] *C.f. Vaitkuviene v. Syneos Health, Inc.*, 2018 WL 3460409, at *1 (E.D.N.C. May 29, 2018). (considering shares purchased and expenditures in addition to loss).

| Movant | LIFO Loss |
|---|---|
| Schroeder | $279,357 |
| *Wenn* | *$50,534* |
| *Luciani* | *$14,047* |
| Total | $64,581 |

Since Schroeder also filed a timely motion, and satisfies the requirements of Rule 23, he is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**C. The Presumption that Schroeder Is the Most Adequate Plaintiff Has Not Been Rebutted**

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Such "proof" requires evidentiary support; speculation and conclusory assertions are insufficient. *See Dhatt v. Enviva, Inc.*, 2024 WL 580671, at *3 (D. Md. Feb. 13, 2024).

No proof has been presented that Schroeder would be inadequate or subject to unique defenses. In fact, Schroeder is an ideal lead plaintiff as he has career experience in energy and finance, and has been investing for more than 30 years. *See* Dkt. No. 7 at 13. He also has losses with respect

7

to all three securities at issue in this action—stock, warrants, and options—and thus has standing to pursue the class claims for each. *See* Dkt. No. 8-3 (Schroeder's financial interest analysis); Dkt. No. 1 ¶ 1(defining the class to include all who "purchased or otherwise acquired Net Power *securities*") (emphasis added).

Schroeder also submits herewith a revised certification, providing additional information regarding Schroeder's nine accounts. *See* Declaration of Garth Spencer in Support of Walter Schroeder's Opposition to the Motion Of David A. Wenn and Ted Luciani, Ex. A. After Schroeder's lead plaintiff motion was filed, counsel for Wenn and Luciani contacted counsel for Schroeder requesting additional information regarding the ownership and nature of Schroeder's nine accounts, beyond what the PSLRA requires. *See* 15 U.S.C. § 78u-4(a)(2)(A)(iv) (requiring only that Schroeder "set[] forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint"). Schroeder provided additional information in the interest of transparency, clarifying that three of the nine accounts are joint accounts with Schroeder's

8

spouse, and that one account is a trust account for which Schroeder is a trustee.

Schroeder maintains that his original certification complies with the PSLRA, but to the extent Wenn and Luciani intend to argue that Schroeder's certification is erroneous because it lacks this additional information, Schroeder submits the revised certification. Even if Schroeder's original certification contained errors (it did not), this would not impact Schroeder's ability to adequately represent the class. *See Enviva*, 2024 WL 580671, at *3 (holding that "[m]inor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement" especially when "corrected [] with a revised submission" and where there is no significant "effect on his claimed loss amount, which remains significantly greater than those claimed by the competing movants").

Since Schroeder is the presumptively most adequate plaintiff to be appointed as lead plaintiff, and the presumption has not been rebutted, Schroeder should be appointed as lead plaintiff.

### D. Schroeder's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Schroeder's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved since the firm has the resources and experience needed to effectively conduct this litigation. *See* Dkt. No. 8-4 (firm résumé). The firm has decades of experience successfully representing injured investors. *See id.* By approving Schroeder's selection of counsel, the Court will ensure that the class will receive the highest caliber of legal representation. Accordingly, Schroeder's selection of lead counsel for the class should be approved.

### III. CONCLUSION

For the foregoing reasons, as well as those in his opening brief, Schroeder respectfully requests that the Court grant his motion and enter an Order: (1) appointing Schroeder as lead plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP as lead counsel for the class; and (3) denying Wenn and Luciani's motion.

Respectfully submitted,

Dated: June 24, 2025          */s/  Garth Spencer*

**GLANCY PRONGAY & MURRAY LLP**

Charles H. Linehan*
   CLinehan@glancylaw.com
Garth Spencer (NCSB# 60142)
   GSpencer@glancylaw.com
1925 Century Park East, Ste. 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Walter Schroeder and
Proposed Lead Counsel for the
Class*

* LR 83.1(d) notice of special
appearance filed June 20, 2025

11

**CERTIFICATION OF WORD COUNT**

I hereby certify that this brief complies with the Local Civil Rule 7.3(d) on the limitations on the length of briefs. The body of the brief, headings, and footnotes of this brief contains 1,721 words.

*/s/ Garth Spencer*
Garth Spencer


**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2025, I served the foregoing Memorandum of Law in Opposition to the Motion of David A. Wenn and Ted Luciani for Appointment as Co-Lead Plaintiffs and Approval of Selection of Counsel on all counsel of record via the CM/ECF system.

*/s/ Garth Spencer*
Garth Spencer