# EXHIBIT B



Charles H. Linehan
clinehan@glancylaw.com
1925 Century Park E., Suite 2100
Los Angeles CA 90067
T: 310.201.9150

June 23, 2025

**VIA EMAIL**

J. Alexander Hood II, Esq.
Pomerantz LLP
600 Third Avenue, 20th Floor
New York, NY 10016
E-Mail: ahood@pomlaw.com

> Re:    *Luciani v. Net Power, Inc.*, 1:25-cv-00296-WO-JLW (M.D.N.C.)

Dear Alex:

We received your letter requesting additional information regarding Walter Schroeder's accounts and transactions.

No authority requires that Mr. Schroeder provide such information. In fact, the Private Securities Litigation Reform Act of 1995 ("PSLRA") prohibits discovery unless you first "demonstrate[] a reasonable basis for a finding that the presumptively most adequate plaintiff [Mr. Schroeder] is incapable of adequately representing the class." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iv). Your letter does not even suggest that Mr. Schroeder is inadequate, much less provide a reasonable basis for such a finding. As such, and because the Court has not ordered discovery, Mr. Schroeder is not obligated to respond to your inquiries.

Moreover, the information you request goes far beyond that required by the PSLRA, or relevant to Mr. Schroeder's adequacy to represent the class. With respect to Mr. Schroeder's transactions, the PSLRA requires that he "set[] forth ***all of the transactions of the plaintiff*** in the security that is the subject of the complaint ***during the class period*** specified in the complaint." *See* 15 U.S.C. § 78u-4(a)(2)(A)(iv) (emphasis added). Mr. Schroeder has satisfied this requirement by listing all of his class period transactions in his certification. However, you request far more, including for example that Mr. Schroeder identify "any person" that ever "was the owner of any of the accounts" even if outside the class period. Such a request is not a good faith inquiry as to whether Mr. Schroeder satisfies the requirements of the PSLRA. It appears that your inquiry is an improper fishing expedition, aimed at uncovering irrelevant information to wield against Mr. Schroeder.

However, Mr. Schroeder is willing to answer your inquiry in the interests of transparency and to further demonstrate that Mr. Schroeder will adequately represent the interests of the class.

June 23, 2025
Page 2 of 2

Mr. Schroeder was the sole owner of the accounts identified as accounts 1, 2, 4, 7, and 8 at all relevant times. Mr Schroeder was the owner of accounts 3, 5, and 9 jointly with his spouse at all relevant times. Mr Schroeder was an owner of account 6 in his capacity as a trustee of the Jennifer Hansmann Schroeder Irrevocable Trust at all relevant times. Mr. Schroeder made all investment decisions in all accounts with respect to the Net Power securities transactions at issue in this action.

Sincerely,

*/s/ Charles H. Linehan*
Charles H. Linehan

cc:     Jeremy A. Lieberman, Esq. (jalieberman@pomlaw.com)
        James M. LoPiano, Esq. (jmlopiano@pomlaw.com)
        David G. Schiller, Esq. (david@schillerfirm.com)
        Garth Spencer, Esq. (gspencer@glancylaw.com)